Judge Roane
pronounced the Court’s opinion as follows:.—
The Court is of opinion, that, according to the true construction of the Will of Codrington Carrington, among the proceedings, Ms Executors were empowered to divide his estate among Ms heirs, and not to sell it. This result arises, not only from these precise expressions being used therein, in relation to all his Estate except his interest in the estate of Edward Carrington deceased, and in the lands lieired from his father in Kentucky, but also from his empowering his executors to sell these last mentioned interests. That circumstance, added to the other, excludes the power to sell the interests in question. In effectuating this object, it was the intention of the testator to select his executors, in preference to others, for the purpose of a judicious division and allotment; but not to give them a discretion to sell the property, instead of dividing it, or to make an unequal division of it.
The Court is also of opinion, that the Will does not enable them to give certain classes of the property to some of the devisees, and others to others. In a doubtful case, the Court would lean against a construction which, in effect, would leave the daughters destitute of a permanent provision, by giving them personal property, instead of real, and which on marriage would become the property of their husbands. Altho’ the words of the Will giving power to the Executors to divide the Estate, “from time to time,” &c., are very extensive, the Court rather inclines to consider them as authorising the Executors, under circumstances, to deliver the property to the devisees, before they have attained their legal age or *377 marriage, than to hold up the property indefinitely, thereafter, and tvhen the children of the testator, and their families, might be suffering therefor. If, under any circumstances, this power would authorise the Executors to suspend an allotment after the devisees had come of age or were married, these circumstances must be of a character to render the division more injurious to the « interests of the estate and family,” then, than at a future period. Ifo such circumstances are pretended to exist in the case before us; and those relied on would always equally apply against the division of the lands in question.
The Executors having declined an allotment in favor of the appellees, for the reasons they have assigned, no alternative M as left them but to apply to a Court of Equity to have the division made by others; and, on the report of the Commissioners, the particulars of the division will be- open to objection and reform. The Court of Chancery will also take care that no injury ensues to the estate by making tlie division at an unseasonable period.
For these reasons, we approve of the Decree; which is to be consequently affirmed,